## Lawrence E. WOZNICK, Claimant–Appellant,

v.

## James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.

### No. 2008–7123.

United States Court of Appeals, Federal Circuit.

Sept. 18, 2008.

Lawrence E. Woznick, Woodsfield, OH, pro se.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Lawrence E. Woznick's appeal from a decision of the United States Court of Appeals for Veterans Claims (CAVC) denying his petition for extraordinary relief in the nature of a writ of mandamus. Woznick opposes.

At the CAVC, Woznick filed a petition for extraordinary relief in the nature of a writ of mandamus, seeking an order from the CAVC directing the Secretary to issue a Statement of the Case (SOC). Woznick sought an SOC regarding additional spe-

cial monthly compensation (SMC) based on an asserted need for in-home personal health care. The CAVC denied Woznick's petition as moot, noting that because a Department of Veterans Affairs regional office (RO) recently issued a rating decision that, inter alia, denied his application for SMC, he has "received the remedy sought." The CAVC explained that Woznick was entitled to appeal the RO's denial of his application. Woznick appeals the denial of his petition by the CAVC to this court.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Although we have authority to review the CAVC's denial of the petition, *see Lamb v. Principi,* 284 F.3d 1378, 1381 (Fed.Cir.2002), we do not have jurisdiction to consider Woznick's appeal in this case because it does not raise issues within this court's limited jurisdiction. In his informal brief and response to the Secretary's motion, Woznick raises no arguments within our jurisdiction concerning whether the CAVC properly denied his petition as moot. Woznick asserts in his brief that he was denied due process. However, a mere assertion of a constitutional claim does not

confer jurisdiction on this court. *See Helfer v. West,* 174 F.3d 1332 (Fed.Cir.1999). Nothing in Woznick's brief presents a true constitutional question or any other issue that gives this court jurisdiction. We agree that we must dismiss this appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.